SCHEB, Judge.
Appellant seeks reversal of the trial court’s order striking his “Second Petition to Set Aside or Modify” addressed to a judgment entered on December 23, 1971, dissolving his marriage to appellee and awarding her custody of the children and certain real property as lump sum alimony.
On October 12, 1973, appellant first sought relief against the judgment which he claimed was based upon constructive service fraudulently obtained against him. Subsequently he filed an amended petition seeking to affirm the dissolution of marriage, but to set aside that judgment insofar as it relates to custody and property matters. While the amended petition was pending, the trial court, on June 11, 1974, after personal service was obtained on appellant, definitized certain matters concerning support and certain medical expenses and awarded attorney’s fees to appellee. Also, in that order the court acknowledged appellant had announced a voluntary dismissal of his petition, whereupon the court dismissed, without prejudice, appellant’s amended petition to modify.
On June 12, 1974, appellant filed his “Second Petition to Set Aside or Modify Judgment.” But two days thereafter a voluntary dismissal by appellant was placed in the court file. Then, on October 17, 1974, the appellant filed a motion alleging that although the voluntary dismissal was stamped as filed by the clerk of the court on June 14, 1974, that this filing date was, in fact, an error. Appellant contended the voluntary dismissal, as filed, related to his first amended petition only.
The trial judge entered an order on November 15, 1974, striking the appellant’s “Second Petition to Set Aside or Modify Judgment,” and awarded the appellee’s attorneys their fee for representation of ap-pellee in the dissolution and subsequent proceedings. This order was entered mmc pro tunc as of July 12, 1974; hence being effectively entered on a date prior to appellant’s motion of October 17, 1974, it appears not to represent any adjudication of appellant’s motion to correct the alleged clerical error.
Other points raised by appellant concerning denial of a motion for continuance and award of attorney’s fees are without merit; therefore, this cause is affirmed on these matters. The cause is remanded with directions for the trial court to determine whether a clerical error resulted in dismis *140 sal of appellant’s second petition to set aside or modify the judgment entered December 23, 1971.
McNULTY, C. J., and GRIMES, J., concur.